IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:08-cv-291-MEF |
| | ) | |
| DOTHAN SECURITY INC., | ) | (WO-Not Recommended for Publication) |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2).   Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED.   Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

On April 15, 2008, Angela Denise Nails ("Nails") filed a lawsuit in this Court against Dothan Security Inc. ("DSI") for $9,999.00 due to the alleged refusal of DSI's employee to contact 911 as instructed by a renter.  (Doc. # 1).  Like Nails, DSI is alleged to be a resident

---

[1]   The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

of Alabama.  *Id.*  Nails has a long history of filing frivolous lawsuits in this Court.[2]

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375, 377 (1994).  That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear.  *Id.*  "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted).  Therefore, a plaintiff is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Indeed, a federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction.  *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland Masonry, Inc. v. Comm'r,* 614 F.2d 532, 533 (5th Cir. 1980) (same).[3]

*Pro se* litigants are not excused from compliance with the Federal Rules of Civil Procedure.  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action...."  *GJR Investments, Inc. v. County*

---

[2]  Since March 17, 2006, Nails has filed thirty-seven lawsuits in this Court.  Several of these were filed within the past week.  Most of Nails' prior suits were dismissed.  Many of them were dismissed for want of subject matter jurisdiction.

[3]  In *Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

*of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998). Consequently, a court may not excuse a *pro se* litigant from the requirement of stating the basis for the court's jurisdiction in her pleadings. "[O]nce a court determines that there has been no [Congressional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co* ., 228 F.3d 1255, 1261 (11th Cir. 2000). *Accord*, *Barnett v. Bailey,* 956 F.2d 1036, 1039-41 (11th Cir.1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found). Indeed, Federal Rule of Civil Procedure 12(h)(3) specifically provides that "[w]henever it appears by suggestion of the parties *or otherwise* that the court lack jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

After a careful review of the Complaint (Doc. # 1), the Court finds that Nails has failed to articulate any conceivable basis for federal subject matter jurisdiction. Moreover, given that this action is a personal injury action, in which less than $10,000 is at stake, between private parties who all are citizens of Alabama, the Court cannot imagine any possible, but as yet unarticulated, basis for federal subject matter jurisdiction over this action. Neither the United States Constitution, nor any act of Congress authorizes this Court to entertain this cause of action. Accordingly, it is hereby ORDERED that this case is DISMISSED WITHOUT PREJUDICE for want of subject matter jurisdiction.

DONE this the 17th day of April, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

3